# THE STATE OF KANSAS v. W. H. McLaughlin.

CRIMINAL COMPLAINT—*Public Offense, Charged.* A criminal complaint filed in a justice's court, charging among other things that the defendant, certain articles "of the goods and chattels of one M. [who is not the defendant], then lately before feloniously stolen, taken and carried away, *unlawfully* and feloniously did buy and receive," "*contrary to the statute* in such case made and provided," charges a public offense, although it may not in express terms, but only impliedly, charge that the property was "stolen from another" than the defendant.

*Appeal from Franklin District Court.*

PROSECUTION for unlawfully buying and receiving stolen property. At the January Term, 1886, the defendant *McLaughlin* was tried, found guilty, and sentenced to pay a fine of $25 and the costs of the prosecution, and to be committed to the county jail until the fine and costs were paid. He appeals.

*Jno. W. Deford*, for appellant.

*C. B. Mason*, county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: The defendant in this action was prosecuted before a justice of the peace, and afterward on appeal in the district court, on a criminal complaint charging him with unlawfully buying and receiving stolen property. The only question presented to the supreme court is, whether the complaint upon which he was prosecuted in the courts below is sufficient or not. The complaint reads as follows:

"STATE OF KANSAS, FRANKLIN COUNTY, ss.: Edward Heckler, being duly sworn, on oath says, that on the — day of October, 1885, in the county of Franklin and state of Kansas, William H. McLaughlin, then and there—one hand-saw, of the value of one dollar and fifty cents; one monkey wrench, of the value of fifty cents, of the goods and chattels of one David Miller, then lately before feloniously stolen, taken and carried away, unlawfully and feloniously did buy

and receive, he, the said William H. McLaughlin, then and there well knowing the said goods and chattels to have been feloniously stolen, taken and carried away as aforesaid, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

This complaint was attacked in the court below by a motion to quash, by a motion for a new trial, and by a motion in arrest of judgment—all of which motions were overruled by the court below. The particular ground upon which it is claimed that the complaint is not sufficient is, that it does not state that the property alleged to have been stolen was "stolen from another," within the meaning of § 92 of the crimes act, but states the supposed offense in such an equivocal or ambiguous manner as to leave it open to be inferred that the property might have been stolen from the defendant himself. Now while the complaint is not as explicit as it might be, yet when fairly construed we think it is not open to the construction placed upon it by counsel for the defendant. The complaint states that the stolen property was "the goods and chattels of one David Miller, then lately before feloniously stolen, taken and carried away," and also states that the defendant *"unlawfully* and feloniously did buy and receive" the same, *"contrary to the statute* in such case made and provided." Under such a complaint it must be considered that the property was stolen from David Miller, and not from the defendant himself, and that the defendant *"unlawfully"* and *" contrary to the statute"* bought and received the property so stolen, and did not *innocently* "buy and receive" his own property, which had previously been stolen from himself.

The judgment of the court below will be affirmed.

All the Justices concurring.